Filed 2/23/24  P. v. Perez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>JOSE ALDAIR PEREZ,<br><br>    Defendant and Appellant. | G062585<br><br>(Super. Ct. No. 13NF2969)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Jose Aldair Perez filed a petition for resentencing pursuant to Penal Code section 1172.6.[1]  The trial court denied the petition after concluding Perez failed to make a prima facie showing for relief.  Appointed counsel for Perez filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth the facts of the case.  Citing *Delgadillo*, counsel asked this court to conduct an independent review of the entire record.  Appointed counsel also cited *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and identified an issue to assist in our independent review.  Perez was given an opportunity to file a supplemental brief but did not do so.

Under *Delgadillo*, we exercise our discretion to independently review the record and find no reasonably arguable issue.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  We therefore affirm.


### FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2019, Perez pleaded guilty to second degree murder (§187, subd. (a)).  Perez also admitted the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and through the personal use and discharge of a firearm causing death (§ 12022.53, subd. (d)).  The trial court imposed a total prison sentence of 40 years to life.

On October 13, 2022, Perez filed a petition for resentencing pursuant to section 1172.6, and the court appointed counsel for him.  The prosecution filed a response to the resentencing petition, arguing it should be denied, and Perez's counsel filed a brief in support of the petition.  At the prima facie hearing on the petition, the trial court reviewed Perez's petition, the prosecution's response, as well as the record of

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  Although Perez filed his petition after this renumbering, his petition references former section 1170.95.  We will treat the petition as a request pursuant to section 1172.6.  All further statutory references are to the Penal Code.

conviction, and found Perez failed to establish a prima facie showing for relief. Perez appealed.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) amended the felony murder rule and the natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) The Legislature also created a procedure in what is now section 1172.6 "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis, supra*, at p. 957.)

After receipt of a section 1172.6 resentencing petition, counsel shall be appointed upon the petitioner's request. (§ 1172.6, subd. (b)(1)–(3).) The prosecutor must then file a response to the petition, and the petitioner may file a reply. (§ 1172.6, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

At the prima facie hearing, the trial court may rely on the record of conviction. (*People v. Lewis, supra,* 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.)

When the record of conviction includes a guilty plea, "a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable

3

consequences doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; or (3) the petitioner could presently be convicted of murder or attempted murder under the law as amended by Senate Bill No. 1437 (2017–2018 Reg. Sess.)." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987.)

Appointed counsel for Perez found no arguable issues but suggested we examine whether the record of conviction precludes the possibility Perez was convicted of murder based on imputed malice. After reviewing the record of conviction, we agree with the trial court's conclusion Perez has not made a prima facie showing for relief under section 1172.6. In the guilty plea form, and on the record, Perez admitted the following: "I did unlawfully and with malice aforethought kill John Doe, a human being. I also personally discharged a firearm and caused the death of John Doe who was not an accomplice to the murder." Because the record of conviction established Perez was not convicted under an imputed malice theory, and could still be convicted of murder under the law as amended by Senate Bill 1437, relief was properly denied by the trial court.

After independently reviewing the entire appellate record, we find no arguable issue.

4

DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


                                                      MOTOIKE, J.


WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.